**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JAMIE GARMAN, *et al.*, | |
| Plaintiffs, | |
| v. | Case No. 26-cv-1086 (JMC) |
| KASHYAP P. PATEL, in his official capacity as Director of the Federal Bureau of Investigation, *et al.*, | |
| Defendants. | |

## ORDER

Borealis Hedling, proceeding *pro se*, has moved to intervene in this litigation. ECF 5. Hedling has not identified any "federal statute" that provides them with a right to intervene. Fed. R. Civ. P. 24(a), (b). Hedling therefore must demonstrate that they either have an "interest relating to the . . . transaction that is the subject of the action" or "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(a)(2), (b)(1)(B). Hedling has not made either of those showings.

Although their motion is difficult to decipher, Hedling seems to be complaining about an alleged "conspiracy" to conceal something Hedling calls "The Domestic Violence Cash Benefit Program." ECF 5 at 2. Hedling also alludes to their "illegal incarceration." *Id.* This case, by contrast, is brought by former FBI employees who allege they were wrongfully terminated because they were perceived to be "political opponents" of the new Presidential administration. ECF 1 ¶ 1. The interest Hedling asserts therefore does not "relat[e] to" the events that are "the subject of the action." Fed. R. Civ. P. 24(a)(2). Nor has Hedling identified a "common question of law or fact" shared between their allegations and those at issue in this case. Fed. R. Civ. P. 24(b)(1)(B).

1

Finally, even if there were some marginal legal or factual overlap between Hedling's claims and those at issue in this case, the Court would exercise its discretion to deny permissive intervention. *See* Fed. R. Civ. P. 24(b)(1) ("[T]he court *may* permit anyone to intervene who" satisfies the subsection's requirements. (emphasis added)). "As its name would suggest, permissive intervention is an inherently discretionary enterprise." *Equal Emp. Opportunity Comm'n v. Nat'l Child.'s Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998). Because Hedling's claims bare no meaningful relationship to the Plaintiffs' claims, the Court is convinced that allowing Hedling to intervene would "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Hedling therefore fails to satisfy Rule 24's requirements. Hedling's motion to intervene, ECF 5, is **DENIED**.

    **SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: April 3, 2026